UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

CIVIL ACTION NO. 08-76-GWU

LONNIE CECIL,                                                    PLAINTIFF,

VS.                          **MEMORANDUM OPINION**

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,                 DEFENDANT.

## INTRODUCTION

Lonnie Cecil brought this action to obtain judicial review of an unfavorable

administrative decision on his application for Disability Insurance Benefits (DIB).

The case is before the court on cross-motions for summary judgment.

## APPLICABLE LAW

The Sixth Circuit Court of Appeals has set out the steps applicable to judicial

review of Social Security disability benefit cases:

1.  Is the claimant currently engaged in substantial gainful activity? If yes, the claimant is not disabled.  If no, proceed to Step 2. See 20 C.F.R. 404.1520(b), 416.920(b).

2.  Does the claimant have any medically determinable physical or mental impairment(s)?  If yes, proceed to Step 3.  If no, the claimant is not disabled.  See 20 C.F.R. 404.1508, 416.908.

3.  Does the claimant have any severe impairment(s)--i.e., any impairment(s) significantly limiting the claimant's physical or mental ability to do basic work activities?  If yes, proceed to Step 4.  If no, the claimant is not disabled.  See 20 C.F.R. 404.1520(c), 404.1521, 416.920(c), 461.921.

1

08-76  Lonnie Cecil

4.      Can the claimant's severe impairment(s) be expected to result
        in death or last for a continuous period of at least 12 months?
        If yes, proceed to Step 5.  If no, the claimant is not disabled.
        <u>See</u> 20 C.F.R. 404.920(d), 416.920(d).

5.      Does the claimant have any impairment or combination of
        impairments meeting or equaling in severity an impairment
        listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Listing of
        Impairments)? If yes, the claimant is disabled.  If no, proceed
        to Step 6.   <u>See</u> 20 C.F.R. 404.1520(d), 404.1526(a),
        416.920(d), 416.926(a).

6.      Can the claimant, despite his impairment(s), considering his
        residual functional capacity and the physical and mental
        demands of the work he has done in the past, still perform this
        kind of past relevant work?  If yes, the claimant was not
        disabled.  If no, proceed to Step 7.  <u>See</u> 20 C.F.R.
        404.1520(e), 416.920(e).

7.      Can the claimant, despite his impairment(s), considering his
        residual functional capacity, age, education, and past work
        experience, do other work--i.e., any other substantial gainful
        activity which exists in the national economy?  If yes, the
        claimant is not disabled.   <u>See</u> 20 C.F.R. 404.1505(a),
        404.1520(f)(1), 416.905(a), 416.920(f)(1).

<u>Garner v. Heckler</u>, 745 F.2d 383, 387 (6th Cir. 1984).

        Applying this analysis, it must be remembered that the principles pertinent

to the judicial review of administrative agency action apply.   Review of the

Commissioner's decision is limited in scope to determining whether the findings of

fact made are supported by substantial evidence.  <u>Jones v. Secretary of Health and

Human Services</u>, 945 F.2d 1365, 1368-1369 (6th Cir. 1991).  This "substantial

evidence" is "such evidence as a reasonable mind shall accept as adequate to

2

08-76  Lonnie Cecil

support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight.  <u>Garner</u>, 745 F.2d at 387.

One of the detracting factors in the administrative decision may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim.  <u>Bowie v. Secretary</u>, 679 F.2d 654, 656 (6th Cir. 1982).  This presumes, of course, that the treating physician's opinion is based on objective medical findings.  <u>Cf. Houston v. Secretary of Health and Human Services</u>, 736 F.2d 365, 367 (6th Cir. 1984); <u>King v. Heckler</u>, 742 F.2d 968, 973 (6th Cir. 1984).  Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary.  <u>Hardaway v. Secretary</u>, 823 F.2d 922 (6th Cir. 1987).  These have long been well-settled principles within the Circuit.  <u>Jones</u>, 945 F.2d at 1370.

Another point to keep in mind is the standard by which the Commissioner may assess allegations of pain.  Consideration should be given to all the plaintiff's symptoms including pain, and the extent to which signs and findings confirm these symptoms.  20 C.F.R. § 404.1529 (1991).  However, in evaluating a claimant's allegations of disabling pain:

> First, we examine whether there is objective medical evidence of an underlying medical condition.  If there is, we then examine:  (1)

3

08-76  Lonnie Cecil

whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.

Duncan v. Secretary of Health and Human Services, 801 F.2d 847, 853 (6th Cir. 1986).

Another issue concerns the effect of proof that an impairment may be remedied by treatment.  The Sixth Circuit has held that such an impairment will not serve as a basis for the ultimate finding of disability.  Harris v. Secretary of Health and Human Services, 756 F.2d 431, 436 n.2 (6th Cir. 1984).  However, the same result does not follow if the record is devoid of any evidence that the plaintiff would have regained his residual capacity for work if he had followed his doctor's instructions to do something or if the instructions were merely recommendations.  Id.  Accord, Johnson v. Secretary of Health and Human Services, 794 F.2d 1106, 1113 (6th Cir. 1986).

In reviewing the record, the Court must work with the medical evidence before it, despite the plaintiff's claims that he was unable to afford extensive medical work-ups.  Gooch v. Secretary of Health and Human Services, 833 F.2d 589, 592 (6th Cir. 1987).  Further, a failure to seek treatment for a period of time may be a factor to be considered against the plaintiff, Hale v. Secretary of Health and Human Services, 816 F.2d 1078, 1082 (6th Cir. 1987), unless a claimant simply has no way

4

08-76  Lonnie Cecil

to afford or obtain treatment to remedy his condition, McKnight v. Sullivan, 927 F.2d 241, 242 (6th Cir. 1990).

Additional information concerning the specific steps in the test is in order.

Step six refers to the ability to return to one's past relevant category of work. Studaway v. Secretary, 815 F.2d 1074, 1076 (6th Cir. 1987).  The plaintiff is said to make out a prima facie case by proving that he or she is unable to return to work. Cf. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983).  However, both 20 C.F.R. § 416.965(a) and 20 C.F.R. § 404.1563 provide that an individual with only off-and-on work experience is considered to have had no work experience at all.  Thus, jobs held for only a brief tenure may not form the basis of the Commissioner's decision that the plaintiff has not made out its case.  Id. at 1053.

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had.  E.g., Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994).  One of the ways for the Commissioner to perform this task is through the use of the medical vocational guidelines which appear at 20 C.F.R. Part 404, Subpart P, Appendix 2 and analyze factors such as residual functional capacity, age, education and work experience.

08-76  Lonnie Cecil

One of the residual functional capacity levels used in the guidelines, called "light" level work, involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is listed in this category if it encompasses a great deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of activity must have the ability to do substantially all these activities.  20 C.F.R. § 404.1567(b).  "Sedentary work" is defined as having the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing.  20 C.F.R. § 404.1567(a), 416.967(a).

However, when a claimant suffers from an impairment "that significantly diminishes his capacity to work, but does not manifest itself as a limitation on strength, for example, where a claimant suffers from a mental illness . . . manipulative restrictions  .  .  .  or heightened sensitivity to environmental contaminants . . . rote application of the grid [guidelines] is inappropriate . . ." Abbott v. Sullivan, 905 F.2d 918, 926 (6th Cir. 1990).  If this non-exertional impairment is significant, the Commissioner may still use the rules as a framework for decision-making, 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 200.00(e); however, merely using the term "framework" in the text of the decision is insufficient, if a fair reading of the record reveals that the agency relied entirely on the grid.  Ibid.

08-76  Lonnie Cecil

In such cases, the agency may be required to consult a vocational specialist. <u>Damron v. Secretary</u>, 778 F.2d 279, 282 (6th Cir. 1985).  Even then, substantial evidence to support the Commissioner's decision may be produced through reliance on this expert testimony only if the hypothetical question given to the expert accurately portrays the plaintiff's physical and mental impairments.  <u>Varley v. Secretary of Health and Human Services</u>, 820 F.2d 777 (6th Cir. 1987).

**DISCUSSION**

Cecil filed an application for DIB on January 27, 2005 alleging a disability onset date of February 26, 1988.  (Tr. 46).  The application was denied both initially and upon reconsideration and the claimant pursued administrative remedies.  (Tr. 11).  The case came before an Administrative Law Judge (ALJ) who concluded that Cecil did not suffer from a "severe" impairment prior to the expiration of his DIB-insured status on December 31, 1993. (Tr. 13-14).  This decision became final for the administration when the Appeals Council found no reason for review on January 22, 2008.  (Tr. 5).

After review of the evidence presented, the undersigned concludes that the administrative decision is supported by substantial evidence.  Therefore, the court must grant the defendant's summary judgment motion and deny that of the plaintiff.

The burden was upon Cecil to come forward with evidence complete and detailed enough to prove that his complaints constituted a "severe impairment"

during the relevant time period.   Landsaw v. Secretary of Health and Human Services, 803 F.2d 211, 214 (6th Cir. 1986).  In the present action, the plaintiff failed to adduce any evidence from the relevant time frame and no records in evidence were dated before July, 1996.  (Tr. 3).   The claimant's representative at the administrative hearing indicated that his attempt to obtain medical records prior to the December, 1993 date last insured was frustrated because the records had been destroyed.  (Tr. 358).  This is extremely unfortunate but does not relieve Cecil of his burden of providing medical evidence to prove his disability claim.

In view of the serious evidentiary problems in this case, the ALJ sought advice from Dr. Leonard Sommer, who reviewed the medical records which were submitted and testified as a medical advisor.  (Tr. 343).  Dr. Sommer noted that the recent medical evidence, particularly that from 2005, now revealed the existence of a breathing impairment.  (Tr. 344).  However, the physician was unable to "relate back" the condition to before December, 1993.  (Id.).  The doctor noted a history of diabetes, but saw no reason that this condition could not have been adequately controlled during the pertinent time frame.  (Tr. 345).  Dr. Sommer also reported that recent medical records revealed some heart problems but these would not meet any of the Listing of Impairments criteria.  (Tr. 346).  The doctor also did not "relate back" these problems to the relevant time frame.  (Id.).  The plaintiff indicated that he had failed a standard physical examination for a prospective coal mine employer

8

08-76  Lonnie Cecil

during the pertinent time frame.  (Tr. 345).  Dr. Sommer was unable to assess the significance of this event since no documentation was provided.  (Id.).  Thus, the medical advisor's testimony did not support the existence of a "severe" impairment before the date last insured in December, 1993.

During the processing of Cecil's claim, the record was reviewed by Dr. Calixto Hernandez.  Dr. Hernandez indicated that the plaintiff did not suffer from a "severe" impairment prior to December, 1993.  (Tr. 32).  His opinion also supports the administrative decision.

Cecil asserts that the ALJ erred by relying upon evidence which was not part of the record.  The ALJ noted that he was relying in part upon the findings made upon a state agency redetermination finding in January of 1997.[1]  (Tr. 11).  The plaintiff asserts that this action was erroneous because this document was not placed in evidence in the current case.  The defendant argues that this document was merely cited as part of the ALJ's outlining of the Jurisdiction and Procedural History of the case and was not evidence relied upon to support the administrative denial decision.  The court has already determined that substantial evidence exists

---

[1]The plaintiff had filed earlier Social Security claims in 1996 and 2000 which were denied.  (Tr. 11).  The ALJ noted these in his current decision and noted that these prior determinations raised issues relating to the doctrine of res judicata.  (Id.).  However, the claimant currently asserted that back problems had been an impairment during the relevant time frame.  (Id.).  Since the musculoskeletal listings had been revised in 2002, a reopening of the action to take this into consideration was permissible.  (Id.).

08-76  Lonnie Cecil

within the current record to support the denial decision.  Therefore, any error would appear harmless.

The undersigned concludes that the administrative decision should be affirmed.  Therefore, the court must grant the defendant's summary judgment motion and deny that of the plaintiff.  A separate judgment and order will be entered simultaneously consistent with this opinion.

This the 7th day of January, 2009.

**Signed By:**

**G. Wix Unthank**

**United States Senior Judge**